**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Leonard M. Rieco,<br><br>        *Debtor*. | Case No. 21-10367-amc<br>Chapter 13 |

**Objection to Claim No. 10 of Valley National Bank**

Debtor Leonard M. Rieco, through his attorney, objects to a proof of claim filed in this case. In support of the objection, the Debtor states as follows:

1. The Debtor filed this case under chapter 13 on February 15, 2021.

2. On December 23, 2016, the Debtor and a non-filing Co-Debtor entered into a retail installment contract ("the Loan") for purchase of a 2016 Ford Focus, VIN 1FADP3F23GL350051 ("the Car") for personal purposes. The Loan is assigned to Valley National Bank ("the Creditor"). The Creditor filed Claim No. 10 in the total amount of $12,630.90, of which it purported $12,630.90 was secured by the Car. Exhibit A.

3. Because the Debtor and the Creditor entered into the Loan before August 20, 2018, the secured component of Claim No. 10 was crammed down to the Car's then-value of $3,290.00 pursuant to 11 U.S.C. § 506(A)(2). ECF No. 24. The Debtor's original plan provided for payment to the Creditor as a secured debt in the amount of $3,290.00 with 5.25% interest, for a total of $3,564.00. ECF No. 25. That plan was confirmed on August 24, 2021. ECF No. 32.

4. About three months later, the Debtor became concerned that the Creditor would take action against the Co-Debtor for the difference between the crammed-down value being paid through the plan and the total loan amount due under

applicable nonbankruptcy law. To prevent action against the Co-Debtor, the Debtor proposed a modified plan that paid the Creditor $12,630.90 at 5.15% interest, for a total of $14,353.79. ECF No. 36-2. That plan was approved on January 25, 2022. ECF No. 42.

5. On or about November 9, 2023, the Debtor voluntarily surrendered the Car to the Creditor. Shortly thereafter, the Creditor sold the Car for about $235.00 and amended Claim No. 10 on January 24, 2024, to reflect an unsecured deficiency balance in the amount of $8,965.09 ("the Amended Claim"). Exhibit B. On the date the amended claim was filed, the trustee had paid the Creditor $6,553.34 on its secured claim. Exhibit C.

6. The Debtor is surprised that the Creditor sold the Car for the unreasonably low amount of $235.00, which is 93% less than the Car's fair market value of $3,290.00.

7. The Debtor objects to Claim No. 10 under 11 U.S.C. § 502, Fed. R. Bankr. P. 3007, and L.B.R. 3007-1, on the basis that the Creditor's failure to sell the Car in a commercially reasonable manner constitutes a material breach of the Sale Agreement that renders Claim No. 10 invalid.

8. The Court must apply substantive Delaware law in deciding this controversy because, upon information and belief, the Sale Agreement specifies that it is governed by Delaware law. *In re Reid*, 423 B.R. 726, 731-32 (Bankr. E.D. Pa. 2010) (applying the Delaware Uniform Commercial Code to debtor's repossession rights based on a contract's governing law clause).

9. Under the Delaware UCC, the Creditor was required to dispose of the Car in a commercially reasonable manner. 6 Del. C. § 9-610. A commercially reasonable sale would have required that the Car be sold for at least half its fair market value at the time. *Hicklin v. Onyx Acceptance Corp.*, 970 A.2d 244 (Del. 2009).

10. Because the Court previously determined that the value of the Car was $3,290.00, the Creditor's failure to sell it for at least $1,645 was not commercially reasonable.

11. Because the Creditor materially breached the Sale Agreement by failing to sell the Car in a commercially reasonable manner, the Debtor asks that the Court disallow Claim No. 10 in full, except for the $6,553.34 already disbursed to the Creditor as of the amended claim's filing date.

For those reasons, the Court must enter relief in the form of order attached, and further in the Debtor's favor if necessary and proper under the law.

Date: November 4, 2024                        SADEK LAW OFFICES, LLC
                                              *Attorney for Debtor*

                                              By: /s/ Brad J. Sadek, Esq.
                                                  Brad J. Sadek, Esq.
                                                  1500 JFK Boulevard, Suite 220
                                                  Philadelphia, PA 19102
                                                  215-545-0008
                                                  brad@sadeklaw.com